# EXHIBIT A

Alexander I. Dychter (SBN 234526)
**DYCHTER LAW OFFICES, APC**
1010 Second Ave., Suite 1835
San Diego, California 92101
Telephone: (619) 487-0777
Facsimile: (619) 330-1827
E-Mail: alex@dychterlaw.com

Walter L. Haines (SBN 71075)
**United Employees Law Group, PC**
5500 Bolsa Ave., Suite 201
Huntington Beach, California 92649
Telephone: (562) 256-1047
Facsimile: (562) 256-1006
E-Mail: admin@uelglaw.com

Attorneys for Plaintiff Nunez

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**07/15/2016** at 08:00:00 AM
Clerk of the Superior Court
By Nicole Adams,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| Eduardo Nunez, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAE Systems San Diego Ship Repair Inc., a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2016-00018149-CU-OE-CTL<br><br>**<u>CLASS ACTION</u>**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Failure to Pay Straight-Time & Overtime Wages<br>2. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>3. Failure to Provide Accurate Wage Statements<br>4. Violation of the Private Attorney General Act<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EDUARDO NUNEZ (hereinafter "Plaintiff" or "Nunez"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1. This is a putative class action brought against BAE Systems San Diego Ship Repair Inc. (hereinafter "Defendant" or "BAE"), and DOES 1 through 50 (collectively hereinafter the "Defendants") for (i) requiring work to be performed "off-the-clock" without straight-time compensation and premium overtime compensation; (ii) failing to provide duty-free meal breaks (iii) failing to pay all owed wages each and every pay period; and, (iv) failing to provide accurate wage statements, as mandated under the California Labor Code.

2. The Private Attorney General Act of 2004 (hereinafter "PAGA") allows for a tolling of the limitations period during the thirty-three day period during which the California Labor and Workforce Development Agency (hereinafter the "LWDA") is assessing, or the employer may be curing, the alleged violations. Cal. Labor Code § 2699.3(d). On May 31, 2016, pursuant to California Labor Code § 2699.3(a)(1), Plaintiff Nunez provided written notice by certified mail, with return receipt, to the LWDA and Defendant BAE, alleging violations of the California Labor Code and the facts and theories that support the alleged violations. (*See* **Exhibit 1**, attached hereto and incorporated by this reference herein).

3. Plaintiff is a Member of and the named representative for the Class, the Wage Statement Subclass, and PAGA Subclass, as defined in Paragraphs 19-21 below. The term "Class" includes Plaintiff and all other persons who are members of the "Class" and/or the "Wage Statement Subclass" and/or the "PAGA Subclass" as herein defined.

4. Plaintiff seeks 1) all straight-time and overtime wages owed, under Labor Code § 510 and § 1194; 2) an additional hour of pay owed under Labor Code § 226.7 and the applicable I.W.C. Wage Order for failing to be provided with all required compliant meal breaks, or an hour of compensation for each day in lieu thereof; 3) unpaid wages, due every pay period, under Labor Code § 204; 4) penalties for inaccurate itemized wage statements, under Labor Code § 226(e); 5)

restitution under Business and Professions Code § 17203; and, 6) statutory penalties on a representative basis pursuant to PAGA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This action is brought as a Class Action on behalf of Plaintiff and similarly situated employees of Defendants, pursuant to Cal. Code of Civ. Proc. § 382.

6. Venue is proper in this Court, pursuant to California Code of Civil Procedure § 395 and § 395.5, because Defendants employed Plaintiff and the putative class members in the County of San Diego. Defendants also maintain a facility in the County of San Diego.

## THE PARTIES

### A. Plaintiff and the Class

7. Plaintiff Eduardo Nunez has been employed by Defendants from approximately June 10, 2014 through the present date. Mr. Nunez was hired as a non-exempt hourly paid "laborer" and thereafter became an "improver" primarily performing duties as a welder on various ships. Mr. Nunez was initially paid an hourly rate of approximately $12.50 per hour and currently earns approximately $19.55 per hour. Mr. Nunez typically works a shift from 6:00 a.m. to 2:30 p.m., with a scheduled 30-minute meal period. Mr. Nunez is provided his primary tools by Defendants.

8. Plaintiff is required to pick up from a centralized location and have in his possession the BAE provided tools before the 6:00 a.m. shift start time (*i.e.* when the bell "rings") and is then told what his assigned work task will be for the day. Similarly, when the bell "rings" again at 2:30 p.m., Plaintiff is then required to return the BAE provided tools to a centralized location before leaving for the day after waiting in a security checkpoint line of approximately 100 other workers. Mr. Nunez is not compensated for the time spent retrieving his tools before his work shift officially begins. Similarly, Mr. Nunez is not compensated for the time sent after the bell rings at 2:30 p.m. for time spent disembarking from the ship, passing through a security turnstile checkpoint, and returning his tools. This work time needed to have been paid under California law.

9. On certain occasions, Plaintiff and other workers would be required to work at the General Dynamics NASSCO (National Steel and Shipbuilding Company) facility (hereinafter “NASSCO”). On these occasions, Plaintiff and other workers were first required to arrive at Defendants’ facility 15 minutes before their scheduled work start time, at approximately 5:45 a.m., to swipe their identification badge, and then they were required to walk approximately 15 minutes to the NASSCO facility to perform their day’s work commencing at approximately 6:00 a.m. This time was uncompensated. Similarly, when Plaintiff and other workers completed their shift at the NASSCO facility at approximately 2:30 p.m., they were then required to walk back to the BAE facility, swipe their identification badge, and then leave the BAE facility. This time was uncompensated.

10. Plaintiff and other workers would be notified as to when they would take a meal break by the ringing of a bell. When the bell rang, the workers were considered to be off-the-clock and ceased to be paid; supposedly, a 30-minute uncompensated meal period was to commence then. However, in reality, in order for Plaintiff and other workers to actually begin their meal break free off all duties, they were first required to disembark from the ship onto the pier and pass through a turnstile that was monitored by personnel from the U.S. Navy. Typically, there would be approximately 100 BAE workers waiting in a line to pass through the checkpoint and Plaintiff and other workers were not provided with a full 30-minute meal break due to the time spent waiting in line and the time that they needed to be back, just 30-minutes after the bell had rung. Therefore, Defendants failed to provide Plaintiff and other workers with a duty-free 30-minute meal period and failed to pay them wages for the time spent disembarking from the ship, returning tools and waiting in a security line after the bell had rung, as well as retrieving the tools and returning to the ship after the duty-free time ended. Additionally, Plaintiff and other workers were not afforded the opportunity to record the actual “start” and “stop” times for any meal break actually provided. Instead, Defendants maintained a policy and practice of automatically deducting 30 minutes each work day for an uncompensated meal period, depriving Plaintiff and other workers of compensation for time worked.

/ / /

11. Due to Defendants' failure to provide wages for all time actually worked and Defendants' failure to provide compliant meal breaks as mandated under California law, Defendants have provided wage statements to Plaintiff and other workers that are not accurate.

12. The Members of the Class are similarly situated persons who are presently employed or were formerly employed as non-exempt employees of Defendant BAE in San Diego, California who: 1) were not paid straight-time wages for all work time; 2) were not paid premium overtime wages for all work performed in excess of eight hours in one workday or over forty hours in one workweek; 3) were not provided with duty-free meal 30-minute meal breaks; and/or, 4) were not provided accurate itemized wage statements.

**B. Defendants**

13. Defendant BAE Systems San Diego Ship Repair Inc. ("Defendant" or "BAE") is an entity created under the laws of the State of California. Defendant is affiliated, in an unknown form, to BAE Systems, Inc., which is the U.S. subsidiary of BAE Systems PLC, an international defense, aerospace and security company that delivers a full range of products and services for air, land and naval forces, as well as advanced electronics, security, information technology solutions and customer support services. BAE Systems, Inc. is headquartered in Arlington, Virginia and employs over 32,000 people worldwide and generated over $10 billion in sales in 2015.

14. Defendant BAE maintains a single shipyard in the San Diego Bay that encompasses approximately 20 acres of property, over 16.6 acres of water area, and four piers. The facility (located at: 2205 East Belt, Foot of Sampson Street, San Diego, California, 92113) is leased from the Port of San Diego and is adjacent to the U.S. Naval Station. San Diego Ship Repair maintains fully-equipped shops and can plan, manage and perform all levels of repair or modernization, both emergent and regularly scheduled. San Diego Ship Repair works on virtually all types of government and commercial vessels, including U.S. Navy fleet, landing platform docks, dock landing ships, cruise ships, tankers, and barges.

15. Defendant BAE was the employer of Plaintiff as evidenced by Plaintiff's paystubs and other company documents provided to Plaintiff.

16. Defendant BAE was the employer of Plaintiff and other Class Members at the time

Defendants breached their legal obligations to them as described herein, and Defendants continue to breach legal obligations owed to Class Members currently employed by Defendants.

17. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

18. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class composed of and defined as follows:

> **All individuals who are or previously were employed by Defendants at the San Diego Shipyard and were classified as non-exempt employees and paid on an hourly basis at any time since May 27, 2012 through the date of trial ("Class Period") ("Class Members").**

20. Plaintiff also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

> **All Class Members employed at any time since May 27, 2015 ("Wage Statement Subclass Members").**

21. Plaintiff also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

> **All Class Members employed at any time since May 27, 2015 ("PAGA Subclass Members").**

22. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

a. The Class Members are so numerous that individual joinder of all of them as plaintiffs' is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 100 Class Members.

b. The identity of Class Members can readily be determined from Defendants' employment records. Defendants' records include the name and address of every person who was employed by Defendants at the San Diego Shipyard.

c. Common questions of law and fact exist as to Class Members and predominate over any questions which affect only individual Class Members. These common questions include, but are not limited to:

(1) Did Defendants, in violation of Labor Code §§ 510, 1194, and 1197, fail to pay non-exempt hourly employees for all time worked?

(2) Did Defendants, in violation of Labor Code §§ 510, 1194, and 1197, fail to pay non-exempt hourly employees for all overtime wages owed to them?

(3) Did Defendants, in violation of Labor Code § 204, fail to pay non-exempt hourly employees for all wages earned during each pay period?

(4) Are Defendants liable for civil penalties under Labor Code § 226?

(5) Are Defendants liable for restitution under Business and Professions Code § 17203?

(6) Did Defendants violate the Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, by failing to provide compliant meal breaks, as mandated under Labor Code § 226.7 and the applicable I.W.C. Wage Order, as alleged herein?

(7) Did Defendants violate the Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, by its unlawful practices, as alleged

herein?

(8) Are Defendants liable for pre-judgment interest?

(9) Are Defendants liable for attorney's fees and costs?

d. Plaintiff is a Member of the Class and the Subclasses, and his claims are typical of the claims of the other Class Members and Subclass Members. Plaintiff is informed and believes and thereon alleges that Defendants maintain policies or practices of: 1) requiring non-exempt workers to perform work "off-the-clock" without compensation for time actually worked; 2) requiring non-exempt workers to perform work without receiving at least the lawful minimum wage for all work performed; 3) failing to pay non-exempt workers the lawful premium overtime rate of pay for all hours worked over eight in a workday and/or over forty in a workweek; 4) not paying non-exempt workers all wages earned during each pay period; and/or 5) not providing non-exempt workers with accurate itemized wage statements each pay period.

e. Plaintiff will adequately and fairly protect the interests of the Class Members and Subclass Members. Plaintiff has no interest adverse to the interests of absent Class Members and/or Subclass Members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

23. A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION

**Failure to Pay Straight-Time and Overtime Wages**

(By Plaintiff and the Class Members against all Defendants)

24. Plaintiff incorporates all the preceding paragraphs as if fully set forth herein.

25. At all relevant times, Plaintiff and the Class Members were employees of Defendants covered by Labor Code §§ 510, 1194 and 1197, the applicable I.W.C. Wage Order, and Wage Order MW-2001.

26. By their failure to pay straight-time wages and overtime wages for all time worked, as alleged above, Defendants willfully breached their agreement and obligation to pay wages in violation of Labor Code §§ 510, 1194 and 1197, the applicable I.W.C. Wage Order, and Wage Order MW-2001.

27. Pursuant to Labor Code § 510 and the applicable I.W.C. Wage Order, Plaintiff and the Class Members were entitled to premium overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday or in excess of eight hours on the seventh day worked in a workweek.

28. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain a policy or practice of requiring employees to perform various duties "off-the-clock" without compensating employees for all hours actually worked, including duties and tasks both pre and post shift start and stop times and time during uncompensated meal periods that were being auto-deducted by Defendants.

29. As a result of Defendants unlawful and willful conduct, Plaintiff and the Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid straight-time wages for all hours actually worked and premium overtime wages earned at the lawful wage rate for all overtime hours worked.

30. Pursuant to Labor Code §§ 1194, 1194.2 and 1194.3, Plaintiff and the Class Members are entitled to recover the full amount of unpaid wages, liquidated damages, pre-

judgment interest, reasonable attorney's fees and costs of suit.

**SECOND CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**[Cal. Bus. & Prof. Code § 17200, *et seq*.]**
(By Plaintiff and the Class Members against all Defendants)

31. Plaintiff incorporates all the preceding paragraphs as if fully set forth herein.

32. Plaintiff brings this claim on behalf of himself and all others similarly situated in his representative capacity against Defendant and Does 1 through 50, for their unlawful business acts and/or practices pursuant to California Business & Professions Code § 17200, *et seq.* ("UCL") which prohibits all unlawful business acts and/or practices.

33. Plaintiff and similarly situated Class Members regularly work in excess of five (5) hours a day without being afforded at least a thirty (30) minute uninterrupted meal period in which they are relieved of all duties.

34. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained a policy or practice of requiring employees to wait in a security a line before taking their meal period which thereby resulted in a meal break of less than 30-minutes being provided, with Defendants preventing employees from having a full 30-minutes free of all duties. Defendants also maintained a policy and practice of failing to allow Plaintiff and putative Class Members to record the actual "start" and "stop" times of their meal periods.

35. Defendants' failure to provide legally required meal breaks, failure to pay all straight-time and overtime wages, failure to pay all wages owed each and every pay period, and failure to provide accurate itemized wage statements as alleged herein, constitutes unlawful and/or unfair business acts and/or practices within the meaning of California Business & Professions Code § 17200, *et seq*.

36. As a result of their unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and the Class Members. Defendants should be enjoined from this activity and provide restitution by restoring to Plaintiff and the Class Members the wrongfully withheld wages and compensation.

/ / /

37. The acts and practices alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the State of California.

38. Defendants' misconduct as alleged herein gave Defendants an unfair competitive advantage over their competitors.

39. As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received and continue to hold monies which Plaintiff and the Class Members have a possessory interest in.

40. Defendants' conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendant's respective businesses, and thereby constitutes violations of California Business and Professions Code § 17200, *et seq*. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

41. Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendants from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

42. WHEREFORE, Plaintiff and the other Class Members are entitled to equitable relief, including restitution, attorney fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful and/or unfair activity.

## THIRD CAUSE OF ACTION
## Failure to Provide Accurate Wage Statements
(By Plaintiff and the Wage Statement Subclass Members against all Defendants)

43. Plaintiff and the Wage Statement Subclass Members incorporate all the preceding paragraphs as though fully set forth herein.

44. At all relevant times, Plaintiff and the Wage Statement Subclass Members, were employees of Defendants covered by Labor Code § 226.

45. Pursuant to Labor Code § 226(a), Plaintiff and the Wage Statement Subclass Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned; net wages earned; all applicable hourly rates in effect during the pay period; and, the corresponding number of hours worked at each hourly

rate by the employee.

46. Defendants failed to provide Plaintiff and the Wage Statement Subclass Members accurate itemized statements in accordance with Labor Code § 226(a). Plaintiff is informed and believes and thereon alleges that at all relevant times since one (1) year preceding the filing of the Complaint in this action (the "Penalty Period"), Defendants maintained and continue to maintain a policy or practice of requiring non-exempt employees to perform various duties "off-the-clock" without compensation for time actually worked "off-the-clock." Defendants' practice resulted and continues to result in the issuance of wage statements to Wage Statement Subclass Members that do not show the correct amount of gross wages earned, the correct amount of net wages earned, the correct number of hours worked at each applicable hourly rate of pay, and deductions made thereto for taxing authority purposes.

47. Defendants' failure to provide Plaintiff and the Wage Statement Subclass Members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and Wage Statement Subclass Members with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

48. As a result of Defendants' conduct, Plaintiff and the Wage Statement Subclass Members have suffered injury. The absence of accurate information on their wage statements has prevented timely challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

49. Pursuant to Labor Code § 226(e), Plaintiff and the Wage Statement Subclass Members are entitled to recover from Defendants fifty dollars ($50) for the initial pay period during the Penalty Period in which a violation of Labor Code § 226 occurred and one hundred dollars ($100) for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee.

/ / /

50. Pursuant to Labor Code § 226(h), Plaintiff and the Wage Statement Subclass Members are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code § 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Subclass Members with inaccurate wage statements in violation of Labor Code § 226(a) and currently employed Wage Statement Subclass Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code § 226(a).

51. Pursuant to Labor Code §§ 226(e) and 226(h), Plaintiff and the other Wage Statement Subclass Members are entitled to recover the full amount of penalties due under Labor Code § 226(e), reasonable attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION
**Violation of the Private Attorney General Act**
**[Cal. Bus. & Prof. Code §§ 2698 *et seq*.]**
(By Plaintiff and the PAGA Subclass Members against all Defendants)

52. Plaintiff and the PAGA Subclass Members incorporate all the preceding paragraphs as though fully set forth herein.

53. PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies. An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties. The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats.2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

54. Plaintiff brings this Representative Action on behalf of the State of California with respect to himself and all other non-exempt hourly paid employees of Defendant BAE who are or previously were employed by Defendant BAE at the San Diego Shipyard at any time since May 27, 2015, and who are Members the Class (the "PAGA Subclass Members").

55. On May 31, 2016, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific code provisions alleged to have been violated as required by Labor Code § 2699.3. (*See* **Exhibit 1**). The statutory waiting period for Plaintiff to commence this action has expired. As a result, pursuant to § 2699.3, Plaintiff may now commence a representative civil action under PAGA pursuant to § 2699 as the proxy of the State of California with respect to all PAGA Subclass Members as herein defined.

56. The policies, acts, and practices heretofore described were and are an unlawful business act or practice because of Defendant's failure to pay all straight-time and overtime wages, for failing to provide duty-free meal breaks, and for failing to provide accurate itemized wage statements, and thereby gives rise to statutory penalties as a result of such conduct. Plaintiff hereby seeks recovery of civil penalties as prescribed by the California Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the other Subclass Members, against whom one or more of the violations of the California Labor Code was committed.

## **PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and all other similarly situated individuals, Plaintiff prays for judgment against Defendants as follows:

A. An order certifying this case as a class action;

B. An order appointing Plaintiff as representative for the Class;

C. An order appointing Plaintiff's counsel as counsel for the Class;

D. Damages for unpaid straight-time and overtime wages;

E. Liquidated damages puruant to Labor Code § 1194.2;

F. Civil Penalties under Labor Code § 226(e);

G. Damages for unpaid additional pay owed for missed meal breaks;

H. Restitution for unpaid wages and compensation under Business and Professions Code § 17203;

I. Recovery of civil penalties as prescribed by PAGA;

/ / /

J. An award of penalties, attorneys' fees, and cost of suit pursuant to Labor Code § 2699(g);

K. Prejudgment interest at the maximum legal rate;

L. Reasonable attorney's fees;

M. Costs of suit; and,

N. Such other relief as the Court may deem just and proper.

Dated: July 14, 2016

DYCHTER LAW OFFICES, APC
United Employees Law Group, PC

By: ______________________
Alexander I. Dychter
Attorneys for Plaintiff Nunez

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Dated: July 14, 2016

DYCHTER LAW OFFICES, APC
United Employees Law Group, PC

By: ______________________
Alexander I. Dychter
Attorneys for Plaintiff Nunez

# EXHIBIT 1

DYCHTER
LAW OFFICES
A PROFESSIONAL CORPORATION

1010 SECOND AVENUE, SUITE 1835, SAN DIEGO, CALIFORNIA 92101
TEL 619.487.0777 | FAX 619.330.1827

May 31, 2016

**VIA U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

***Attn:*** PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

BAE Systems San Diego Ship Repair Inc.
*c/o* CT Corporation System
818 West Seventh St., Ste. 930
Los Angeles, CA 90017

**Re: Notice of Violation of California Labor Code Sections 226, 226.7, 510, 1194, 1197, and 1198; Applicable Industrial Welfare Commission Wage Orders, And Pursuant to California Labor Code Section 2699.5**

Dear Sir/Madam,

Our office represents Plaintiff Eduardo Nunez (the "Plaintiff" or "Nunez"), and other aggrieved employees in a class action lawsuit against BAE Systems San Diego Ship Repair Inc., a California Corporation ("Defendant" or "BAE"). Plaintiff and other employees were employed by Defendants at the San Diego, California Shipyard and were classified as non-exempt employees and paid on an hourly basis. Defendant has failed to pay straight-time and overtime wages for all time worked, failed to provide compliant meal breaks, failed to pay all wages owed each pay period, and failed to provide accurate itemized wage statements in violation of the California Labor Code, and are therefore actionable under California Labor Code Section 2699.3.

A true and correct copy of the Complaint filed by Plaintiff on May 27, 2016 is attached hereto as **Exhibit 1**, which **(i)** identifies the alleged violations, **(ii)** details the facts and theories which support the alleged violations, **(iii)** details the specific work performed by Plaintiff, **(iv)** sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and **(v)** sets forth the illegal practices used by Defendant. This information provides notice to the Labor and Workforce Development Agency ("LWDA") of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint (**Exhibit 1**) into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask. The attachment of **Exhibit 1** herein is **NOT meant** to act as "service" of the Complaint on BAE. Service of the attached **Exhibit 1** will be conducted by Plaintiff on BAE in the near future under separate cover.

This notice is provided to enable the Plaintiff to proceed with the Complaint filed in the San Diego Superior Court, case number *37-2016-00018149-CU-OE-CTL*, against Defendant as authorized by California Labor Code Section 2699, *et seq*. The pending class action lawsuit consists of a class of other aggrieved employees. As class counsel, our intention is to vigorously prosecute the class-wide claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statute of 2004 on behalf of Plaintiff and all aggrieved California class members.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully Submitted,

**DYCHTER LAW OFFICES, APC**
**United Employees Law Group, PC**

Alexander I. Dychter, Esq.
Attorneys for Plaintiff Eduardo Nunez

*Encl:* ***Exhibit 1*** = conformed complaint

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

OAKLAND CA 94612

7013 2630 0001 6205 2413

| | | |
|---|---|---|
| Postage | $3.30 | $2.70 |
| Certified Fee | | $0.00 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $1.57 | $0.00 |
| Total Postage & Fees | $ $7.57 | |

Postmark Here: HORTON PLAZA PS 0100 10 MAY 31 2016 SAN DIEGO, CA 92101

05/31/2016

Sent To: PAGA Administrator
Street, Apt. No.; or PO Box No.: 1515 Clay St., STE. 801
City, State, ZIP+4: Oakland, CA 94612

PS Form 3800, August 2006 See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

LOS ANGELES, CA 90017

7013 2630 0001 6205 2406

| | | |
|---|---|---|
| Postage | $3.30 | $2.70 |
| Certified Fee | | $0.00 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $1.57 | $0.00 |
| Total Postage & Fees | $ $7.57 | |

Postmark Here: HORTON PLAZA PS 0100 10 MAY 31 2016 SAN DIEGO, CA 92101

05/31/2016

Sent To: BAE Systems San Diego Ship Repair Inc. c/o CT Corp. System
Street, Apt. No.; or PO Box No.: 818 W. Seventh St., STE. 930
City, State, ZIP+4: Los Angeles, CA 90017

PS Form 3800, August 2006 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Attn:* PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

9590 9403 0472 5173 7280 27

2. Article Number (Transfer from service label)
7013 2630 0001 6205 2413

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
RECEIVED
X DEPT OF INDUSTRIAL RELATIONS
☐ Agent
☐ Addressee

B. Received by (Printed Name) JUN 2 2016
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
LABOR STANDARDS ENFORCEMENT
OAKLAND DISTRICT OFFICE

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
... Restricted Delivery
... Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BAE Systems San Diego Ship Repair Inc.
*c/o* CT Corporation System
818 West Seventh St., Ste. 930
Los Angeles, CA 90017

9590 9403 0472 5173 7280 10

2. Article Number (Transfer from service label)
7013 2630 0001 6205 2406

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery 6/1

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
... Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053 Domestic Return Receipt