UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO NUNEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR INC., a California Corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.: 16-CV-2162 JLS (NLS)<br><br>**ORDER: (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS ACTION; (2) PRELIMINARILY APPROVING PROPOSED SETTLEMENT; (3) APPROVING NOTICE TO CLASS; AND (4) SETTING FINAL APPROVAL HEARING DATE**<br><br>(ECF No. 15) |

Presently before the Court is Plaintiff Eduardo Nunez's and Defendant BAE Systems San Diego Ship Repair Inc.'s (the "Parties") Joint Motion for Order (1) Conditionally Certifying Settlement Class Action; (2) Preliminarily Approving Proposed Settlement; (3) Approving Notice to Class; and (4) Setting Final Approval Hearing Date. ("Prelim. Settlement Mot.") (ECF No. 15). Because the settlement is fundamentally fair, reasonable, and adequate, the Court **GRANTS** the Parties' Preliminary Settlement Motion.

/ / /

/ / /

/ / /

# BACKGROUND

Plaintiff Eduardo Nunez brings a class action suit seeking compensation on behalf of all non-exempt employees of Defendant BAE Systems San Diego Ship Repair Inc. ("SDSR") for unpaid wages and penalties, as well as other violations of California law. (Prelim. Settlement Mot. 9,[1] ECF No. 15-1.) Defendant SDSR is an international defense, aerospace, and security company that maintains a single shipyard in San Diego Bay, where it works on virtually all types of government and commercial vessels (e.g., the U.S. Navy fleet). (FAC ¶ 14, ECF No. 11.) The proposed class includes all non-exempt employees at SDSR who worked at any time during the period May 27, 2012 through October 13, 2016 ("Settlement Class / Class Members"). (Prelim. Settlement Mot. 10, ECF No. 15-1.)

Plaintiff's Amended Complaint asserts seven claims for relief under various provisions of California law:

1. Failure to Pay Straight-Time & Overtime Wages
2. Violation of the Unfair Competition Law
3. Cal. Bus. & Prof. Code §§ 17200, *et seq.*
4. Failure to Provide Accurate Wage Statements
5. Failure to Provide Rest Periods
6. Failure to Reimburse Employees for Business Expenses
7. Failure to Provide All Compensation Owed Upon Termination of Employment
8. Violation of the Private Attorney General Act

(*See generally* FAC, ECF No. 11.) Plaintiff generally alleges that because there would typically be 100 SDSR workers waiting in line to pass through a checkpoint before they could break their shift for lunch, Plaintiff and other workers were not provided with a full 30-minute meal break due to the time spent waiting in line. (*Id.* ¶ 10.) Thus, Plaintiff argues Defendant failed to provide Plaintiff and other workers with a duty-free 30-minute meal period and failed to pay them wages for their time spent disembarking from the ship,

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

returning tools, and waiting in the security line, among other activities. (*Id.*) Plaintiff additionally alleges that Defendant improperly forced him and others to purchase clothes and shoes from Defendant and that Defendant did not provide reimbursements for these purchases. (*Id.*) As a result of this fraudulent behavior, the wage statements that Defendant provided were inaccurate. (*Id.* ¶ 11.)

The Parties entered into extensive pre-suit negotiations for the purpose of settling their disputes, such as (1) voluntary exchange of information, including SDSR's employment policies, sworn declarations from putative class members, and thousands of electronic records containing class member data (e.g., individualized rates of pay, employment dates, time records, and badge-swipe data); and (2) a full-day mediation in San Francisco with Antonio Piazza, Esq., of Mediated Negotiations. (Prelim. Settlement Mot. 10, ECF No. 15-1.) The mediation was successful and resulted in a non-reversionary settlement of $2.9 million, (*id.*), though Defendant SDSR maintains its complete denial of wrongdoing, (*id.* at 9 n.1).

The Parties present to the Court a Joint Motion for an Order: (1) conditionally certifying the proposed Settlement Class, defined below; (2) preliminarily approving the proposed settlement of $2.9 million; (3) approving the proposed Notice and directing distribution of the Notice and related documents; and (4) setting a schedule for final approval. As noted above, although SDSR stipulates both to certification of a Settlement Class and the proposed Settlement, Defendant continues to deny all allegations of unlawful conduct alleged in the Complaint, and does not admit or concede that it has, in any manner, violated federal or California laws or committed any other unlawful action that would entitle Plaintiff or any class to any recovery.

## SETTLEMENT TERMS

The Parties have submitted a comprehensive settlement document with approximately twenty-three pages of substantive terms, and a five-page proposed class notice. (Joint Stipulation of Settlement and Release ("Settlement Agreement") 31–60, ECF

/ / /

No. 15-1.) The settlement provides monetary relief but no programmatic relief. Plaintiff Eduardo Nunez, as class representative, supports the Settlement Agreement. (*Id.* at 54.)

# I. Monetary Relief

SDSR proposes to pay a Maximum Settlement Amount of $2.9 million. (Prelim. Settlement Mot. 10, ECF No. 15-1.) From this amount will be deducted: (a) all Settlement payments to Class Members eligible for Settlement payments; (b) the Class Representative service payment approved by the Court; (c) Class Counsel's attorneys' fees and expenses approved by the Court; (d) the Settlement Administrator's fees and expenses; (e) payment made to the State of California Labor Workforce and Development Agency ("LWDA"); (f) the employer's portion of FICA, FUTA, and all other state and federal payroll taxes on the "wage" portion of the Settlement payments to Class Members; and (g) an additional flat amount of $250 for each employee who separated employment during the Covered Period ("Wait Time Penalties"). (*Id.* at 11.) SDSR will automatically make Settlement payments to Class Members (unless they choose to opt out) based on the following formula:

> After deductions of the Court-approved service payment to the Class Representative, the Court-approved attorneys' fees and costs for Class Counsel, a payment for the Settlement Administrator's fees and expenses, payment to the LWDA, the employer's portion of state and federal payroll taxes and payment of Wait Time Penalties, the Remainder of the Maximum Payment will be available for distribution to the Payment-Eligible Class Members (the "Class Settlement Proceeds"). The Remainder shall be distributed as follows:

> Payment-Eligible Class Members will receive a payment based on each person's compensable work weeks, which shall be all weeks worked as non-exempt employees by the Payment-Eligible Class Members during the Covered Period ("Compensable Work Weeks"). The dollars per Compensable Work Week will be calculated by dividing the total Compensable Work Weeks into the Remainder. That amount (dollars per week) will be multiplied by the number of Compensable Work Weeks for each Payment-Eligible Class Member.

(*Id.*) The check will escheat to the State of California or any other State having jurisdiction

over the Class Member's assets if the Class Member fails to cash his or her check within 120 days after it is mailed. (*Id.* at 12.)

## RULE 23 SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23. In order to certify a class, each of the four requirements of Rule 23(a) must first be met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Next, in addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here, Plaintiff seeks to certify the Settlement Class under subdivision Rule 23(b)(3), which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." The Court addresses each of these requirements in turn.

### I. Rule 23(a)(1): Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." "[C]ourts generally find that the numerosity

factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

Here, the proposed Settlement Class consists of approximately 1,930 individuals, all of which are identifiable from SDSR's data. (Prelim. Settlement Mot. 16, ECF No. 15-1.) Accordingly, joinder of all members would be impracticable for purposes of Rule 23(a)(1), and the numerosity requirement is therefore satisfied.

## II. Rule 23(a)(2): Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class." Commonality requires that "the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the Parties have carefully defined the Settlement Class to encompass all SDSR employees adversely affected by the allegedly fraudulent policies and practices set forth above. All common questions thus revolve around whether the alleged fraudulent policies and practices in fact were fraudulent and impacted the class members. Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis, and Rule 23(a)(2) is satisfied.

## III. Rule 23(a)(3): Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), Plaintiff's claims must be typical of the claims of the Class. The typicality requirement is "permissive" and requires only that Plaintiff's claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same

course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (citation omitted).

Here, Plaintiff is an SDSR employee whose claims allegedly arise out of the same underlying SDSR policies and practices as those pertaining to the proposed Settlement Class. (Prelim. Settlement Mot. 17–18, ECF No. 15-1.) Accordingly, Plaintiff's claims are typical of the claims of the members of the proposed Settlement Class, thus satisfying Rule 23(a)(3).

**IV.   Rule 23(a)(4): Adequacy**

Federal Rule of Civil Procedure 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class. "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

Here, there is no reason to believe that the named representative and Class Counsel have any conflict of interest with the proposed Settlement Class members. There is also no reason to believe that the named representative and Class Counsel have thus far failed to vigorously investigate and litigate this case. Plaintiff has retained competent counsel, who have conducted extensive investigation, research, and informal discovery in this case. (Prelim. Settlement Mot. 18–19, ECF No. 15-1.) Furthermore, Class Counsel have significant class action litigation experience, are knowledgeable about the applicable law, and will continue to commit their resources to further the interests of the Class. (*Id.* at 19.) Accordingly, the named representative and Class Counsel adequately represent the proposed Settlement Class members, and Rule 23(a)(4)'s adequacy requirement is met.

## V. Rule 23(b)(3)

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### A. *Predominance*

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, the common issues of whether Defendant's policies and practices failed to, for example, compensate Class Members for all time worked, provide an opportunity for compliant meal and rest periods, and provide accurate wage statements predominate over the individual issues such as length of employment and particularized grievances. (*See* Prelim. Settlement Mot. 19–20, ECF No. 15-1.) Further, for purposes of settlement, Class Members are not required to prove any evidentiary or factual issues that could arise in litigation. Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.

### B. *Superiority*

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A)  the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B)  the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)  the likely difficulties in managing a class action.

*See also Zinser*, 253 F.3d at 1190. A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement. *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010); *see also Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."). The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780, at 562 (2d ed. 1986)). A district court has "broad discretion" in determining whether class treatment is superior. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, Class Members' claims involve the same issues arising from the same factual bases. If Class Members' claims were considered on an individual basis, almost 1,930 cases would follow a similar trajectory, and each would come to a similar result. Furthermore, individual cases would consume a significant amount of the Court's and the Class Members' resources. It is also likely that Class Members would not pursue litigation on an individual basis due to the high costs of pursuing individual claims. The interests of the Settlement Class Members in individually controlling the litigation are minimal, especially given the same broad-based policy and practices would be at issue. Additionally, because the majority of SDSR's employees are located in San Diego, many of the individual cases would likely be filed in this district, and thus it is desirable to concentrate the litigation in a single forum. Given all of the above, class treatment is the superior method of adjudicating this controversy, and the superiority requirement of Rule 23(b)(3) is met.

**VI. Conclusion**

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rule 23(b)(3). Accordingly, the Settlement Class is **CERTIFIED** for settlement purposes only.

**RULE 23 PRELIMINARY FAIRNESS DETERMINATION**

Having certified the Settlement Class, the Court must next make a preliminary determination as to whether the proposed settlement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e). Relevant factors to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026. Furthermore, due to the "dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative," any "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.* Additionally, although in the present case the Court has not been presented with formal applications for Class Counsel's attorney fees or class service awards, the Court nonetheless considers these potential fees because they form part of the settlement agreement.

## I. Strength of Plaintiff's Case

In order to succeed on the merits, Plaintiff would have to prove that Defendant's practices and policies were fraudulent. (*See generally* FAC, ECF No. 11.) SDSR denies any wrongdoing, that Plaintiff is entitled to any relief at law or equity, and that Plaintiff would be able to validly certify a class in the absence of the settlement agreement. (*See* Def.'s Answer to FAC, ECF No. 14.) Plaintiff, however, estimates SDSR's potential liability exposure on the underlying Labor Code claims to be approximately $11.5 million. (Prelim. Settlement Mot. 23, ECF No. 15-1.) Additionally, the Settlement is the result of arm's-length negotiations conducted over several months, including each Party's individual discovery and valuation of the case and one full-day mediation session before

an experienced and nationally renowned mediator. (*Id.* at 22–23.) Given this disagreement and neutral third-party evaluation of the same, the Court thus finds that this factor weighs in favor of the $2.9 million settlement being fair, reasonable, and adequate.

## II. Risk, Expense, Complexity, and Likely Duration of Further Litigation

Were the case to proceed to further litigation rather than settlement, the Parties would each bear substantial risk and a strong likelihood of protracted and contentious litigation. Even though the Parties have agreed to settle this action, they fundamentally disagree regarding the validity of Plaintiff's claims. (Prelim. Settlement Mot. 23–26, ECF No. 15-1.) Additionally, the Parties document a number of risks in litigating Plaintiff's claims—including the fact that a class might not even be certified—and thus argue that the present Settlement affords class members at least some compensation where there might be none. (*Id.*) Indeed, the fact that Defendant disputes all aspects of Plaintiff's claims, including the propriety of class certification in the absence of the settlement agreement, suggests that these issues would be vigorously (and therefore costly) litigated were there to be further litigation. Given the foregoing, this factor weighs in favor the settlement being fair, reasonable, and adequate.

## III. Risk of Maintaining Class Action Status Throughout Trial

The Parties dispute whether the classes can be validly certified in the absence of the Settlement Agreement. Implicit in this disagreement is the likelihood of initial challenges to class certification and the potential for decertification motions even if class status is granted. Weighed against the fact that Defendant does not object to a finding that the class elements are met for purposes of this settlement, this factor also weighs in favor of the settlement being fair, reasonable, and adequate.

## IV. Amount Offered in Settlement

SDSR has agreed to pay $2.9 million to settle this lawsuit. (Prelim. Settlement Mot. 26, ECF No. 15-1.) The crux of Plaintiff's claims are that SDSR failed to pay the class members the entirety of their earned wages. Because SDSR has data regarding each affected class member, which it provided to Plaintiff prior to negotiating the Settlement

Agreement, the proof of each class member's damages is largely calculable and less prone to subjective considerations. Indeed, the Parties note that the Settlement Agreement provides for Settlement Shares that are divided proportionally based on each Participating Class Member's number of workweeks, and that each former employee will additionally receive a flat amount of $250 in full satisfaction of wait time penalties. (*Id.* at 27.) Accordingly, this factor weighs in favor of the settlement being fair, reasonable, and adequate.

## V. Extent of Discovery Completed and Stage of Proceedings

Prior to the agreed-upon settlement, the Parties engaged in substantial informal discovery, including payroll, timekeeping, and other records. (Prelim. Settlement Mot. 23, ECF No. 15-1.) Defendant also performed its own investigation, interviewing approximately ninety potential class members and collecting approximately eighty-three declarations, on which it relied to demonstrate the disparity of class member experiences and that proper compensation was paid for time worked. (*Id.*) And as discussed, the Parties engaged a neutral third-party mediator who fully examined and discussed with each party the strengths and weaknesses of each party's case. (*Id.*) Both Class Counsel and Defense Counsel gained significant knowledge of the relevant facts and law throughout the discovery process and through independent investigation and evaluation. Accordingly, it appears the Parties have entered into the Settlement Agreement with a strong working knowledge of the relevant facts, law, and strengths and weaknesses of their claims and defenses. Given all of the above, this factor weighs in favor of the proposed settlement being fair, reasonable, and adequate.

## VI. Experience and Views of Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). And here, Class Counsel believes the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class. (Settlement Agreement ¶ 63, ECF No. 15-1.) Furthermore, in the present case the presumption of reasonableness is warranted based on

Class Counsel's expertise in complex litigation, familiarity with the relevant facts and law, and significant experience negotiating other class and collective action settlements. Given the foregoing, and according the appropriate weight to the judgment of these experienced counsel, this factor weighs in favor the proposed settlement being fair, reasonable, and adequate.

## VII. Settlement Attorneys' Fees Provision

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). When applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five percent is the 'benchmark' that district courts should award . . . ." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006. However, a district court "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (citing *Six (6) Mexican Workers*, 904 F.2d at 1311). "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007.

In the present case, the Settlement Agreement specifies that SDSR will not oppose Class Counsel's request to the Court for approval of attorneys' fees in the amount equal to 25% of the Maximum Settlement Amount ($725,000), and reasonable costs in an amount not to exceed $20,000. (Settlement Agreement ¶ 29, ECF No. 15-1.) In support of this provision, Class Counsel note that the provision is completely consistent with the Ninth Circuit's benchmark for reasonableness. (Prelim. Settlement Mot. 23, ECF No. 15-1 (citing *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (stating that "[t]he typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark")).) Because Class

/ / /

Counsel's attorneys' fees provision is set at the benchmark, the Court concludes that the provision is reasonable.

## VIII. Class Representative Service Award Provision

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments. *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The district court must evaluate each incentive award individually, using "'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation.'" *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

In the present case, the Settlement Agreement provides up to $5,000 to the Class Representative, to be paid from the Maximum Payment, in addition to the Settlement payment he may otherwise receive as a class member. (Settlement Agreement ¶ 30, ECF No. 15-1.) The Class Notice states that this award is "an enhancement fee to the named plaintiff to compensate him for the time, work, and risks undertaken in bringing this Class Action." (*Id.* at 57.) Given the foregoing, the Court concludes that the current Settlement Agreement Class Representative Payment provision should not bar preliminary approval of the Settlement Agreement.

## IX. Conclusion

For the reasons stated above, the Parties' Joint Motion for Preliminary Approval of Class Settlement is **GRANTED** regarding the Settlement Agreement.

### NOTICE OF CLASS CERTIFICATION AND SETTLEMENT

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Because the Court has determined that

///

certification is appropriate under Rule 23(b)(3), the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

The Parties have agreed to notify the Class Members in writing by mailing all class members a Notice of Pendency of Class Action ("Notice"). (Prelim. Settlement Mot. 14, ECF No. 15-1.) Given that some Class Members may only read Spanish, the proposed Notice will also be translated into and distributed in Spanish. (*Id.*) The Parties have agreed to have the Settlement Administrator send the Class Notice Packets to all identified Class Members using the mailing address information provided by SDSR, including use of all standard skip tracing to verify the accuracy of all addresses. (*Id.* at 27; Settlement Agreement ¶ 38, ECF No. 15-1.) If the packet is returned because of an incorrect address, the Settlement Administrator will make reasonable efforts to locate Class Members and re-send the notices. (Prelim. Settlement Mot. 27, ECF No. 15-1.) The proposed Notice explains:

> (i) the nature of the action; (ii) the definition of class certified; (iii) the class claims, issues, or defenses; (iv) that class members may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (v) the binding effect of a class judgment on class members under Rule 23(c)(3).

(*Id.*) Having thoroughly reviewed the jointly drafted Notice, the Court finds that the method

and content of the Notice comply with Rule 23. Accordingly, the Court approves the Parties' proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 15). The Court **ORDERS** as follows:

1. **PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT:** The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

2. **PRELIMINARY CLASS CERTIFICATION:** Pursuant to Federal Rule of Civil Procedure 23(b)(3), the action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following Settlement Class Members with respect to the claims asserted in this Action:

> **Settlement Class:** All non-exempt employees at BAE Systems San Diego Ship Repair Inc. who worked at any time during the period May 27, 2012 through October 13, 2016.

3. **CLASS REPRESENTATIVE, CLASS COUNSEL, AND SETTLEMENT ADMINISTRATOR:** Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, Plaintiff Eduardo Nunez as the Class Representative, and Alexander Dychter, of Dychter Law Offices, APC, and Walter Haines, of United Employees Law Group, PC, as Class Counsel. Additionally, the Court approves and appoints Rust Consulting, Inc. as the Settlement Administrator.

4. **NOTICE:** The Court approves the form and substance of the proposed notice set forth in the Settlement Agreement and the Notice attached as Exhibit A to the Settlement Agreement. (Settlement Agreement Ex. A, ECF No. 15-1.) The form and method for notifying the Class Members of the Settlement and its terms and conditions satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e). The Court finds that the Notice Procedure submitted by the Parties constitutes the best notice practicable

under the circumstances. As provided in the Settlement Agreement, the Settlement Administrator **SHALL** provide notice to the Class Members and respond to Class Member inquiries.

Within thirty (30) days of the date on which this Order is electronically docketed, the Parties **SHALL** disseminate the Notice in the form attached as Exhibit A to the Settlement Agreement and in the manner and form provided in the Settlement Agreement.

**5.     FINAL APPROVAL HEARING:** Judge Sammartino shall conduct a Final Approval Hearing on July 27, 2017 at 1:30 p.m. at 221 W. Broadway, Courtroom 4A, 4th Floor, San Diego, CA 92101, to consider:

   a. the fairness, reasonableness, and adequacy of the proposed settlement;
   b. Plaintiff's request for the award of attorneys' fees and costs;
   c. the Class Representative enhancement;
   d. dismissal with prejudice of the class action with respect to Defendant; and
   e. the entry of final judgment in this action.

At the Final Approval Hearing, the Parties shall also be prepared to update the Court on any new developments since the filing of the motion, including any untimely submitted opt-outs, objections, and claims, or any other issues as the Court deems appropriate.

The date and time of the Final Approval Hearing shall be included in the Notice to be mailed to all class members.

**6.     MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT:** No later than twenty-one (21) days before the Final Approval Hearing, the Parties shall file a Motion for Final Approval of Class Action Settlement. The Motion shall include and address any objections received as of the filing date. In addition to the class certification and settlement fairness factors, the motion shall address the number of putative Settlement Class members who have opted out and the corresponding number of claims.

**7.     APPLICATION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS:** No later than twenty-one (21) days before

the Final Approval Hearing, Class Counsel shall file an application for attorneys' fees, costs, and class representative service awards. Class Counsel shall provide documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled. Class Counsel should address the appropriateness of any upward or downward departure in the lodestar calculation, as well as reasons why a percentage-of-the-fund approach to awarding attorney fees may be more preferable in this case. Class Counsel should be prepared to address any questions the Court may have regarding the application for fees at the Final Approval Hearing.

8. **MISCELLANEOUS PROVISIONS:** In the event the proposed settlement is not consummated for any reason, the conditional class certification shall be of no further force or effect. Should the settlement not become final, the fact that the Parties were willing to stipulate to class certification as part of the settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

9. **SCHEDULE:** The Court orders the following schedule for further proceedings:

| Event | Date |
|---|---|
| Defendant to Deliver Class List to Settlement Administrator | Within 7 days of the date on which this Order is electronically docketed |
| Settlement Administrator to Send Notice to Class Members | Within 30 days of the date on which this Order is electronically docketed |
| Last Day for Class Members to File Request for Exclusion from Settlement | No later than 60 days from the date of mailing the Notice |
| Last Day for Class Members to File Objections to the Settlement | No later than 60 days from the date of mailing the Notice |

| Last Day for Class Members to File Notice of Intention to Appear at Final Approval Hearing | No later than 60 days from the date of mailing the Notice |
| --- | --- |
| Parties to File Motion for Final Approval | No later than 21 days before the Final Approval Hearing |
| Class Counsel to File Motion for Attorneys' Fees and Costs and Incentive Fees | No later than 21 days before the Final Approval Hearing |
| Final Approval Hearing | July 27, 2017 at 1:30 p.m. |

**IT IS SO ORDERED.**

Dated: February 13, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge