# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO NUNEZ, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR INC., a California Corporation; and DOES 1 through 50 inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 16-CV-2162 JLS (NLS)<br><br>**ORDER DIRECTING SUPPLEMENTAL NOTICE TO THE CLASS**<br><br>(ECF Nos. 37, 46, 47) |

Presently before the Court are several motions related to the proposed settlement in this case: (1) Defendant BAE Systems San Diego Ship Repair, Inc.'s ("BAE SDSR") and Class Counsel's, (collectively, the "Parties"), Joint Motion for Final Approval of Class Action Settlement ("Final Settlement Mot."), (ECF No. 46); (2) Class Counsel's Motion for Attorney's Fees, Costs, and Incentive Fees ("Fee Mot."), (ECF No. 47); and (3) the Parties' Joint Motion for Substitution of Class Representative in Place of Eduardo Nunez ("Mot. to Substitute"), (ECF No. 37). The Court held a Final Fairness Hearing to discuss these matters on July 27, 2017. At the hearing, the Court informed the Parties that it was not prepared to rule on these motions given a few procedural deficiencies that must first be addressed. The Court now addresses those issues and instructs the Parties accordingly.

1

As part of the Court's review of the fairness, reasonableness, and adequacy of the proposed settlement under Rule 23(e)(2), the Court considered whether there were any proper objections before the Court. As will be discussed in more detail in the Court's Order on the Parties' joint motion for final approval, the Court here briefly notes that none of the objections are properly before the Court.[1] This includes Mr. Nunez's brief in opposition to the Parties' joint motion for final approval ("Final Settlement Mot. Opp'n," ECF No. 48), filed two weeks before the Final Fairness Hearing, and what appears to be a sur-reply filed the night before the Final Fairness Hearing, ("Final Settlement Mot. Sur-reply," ECF No. 53), which the Court considers late-filed objections. Accordingly, the Court **OVERRULES** these procedurally deficient objections on this ground alone. *See, e.g.*, *Noll v. eBay, Inc.*, 309 F.R.D. 593, 612 (N.D. Cal. 2015) (discounting objection for failure to timely file); *Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 WL 9258144, at *3 (N.D. Cal. Dec. 18, 2015), *appeal dismissed* (Feb. 4, 2016) (noting that the court may refuse to consider objections that are untimely and procedurally improper and collecting authority); *Moore v. Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2013 WL 4610764, at *12 (N.D. Cal. Aug. 28, 2013) (overruling several objections for failure to meet various noticed procedural requirements).

That said, the Court understands that "settlement class actions present unique due process concerns for absent class members, and the district court has a fiduciary duty to look after the interests of those absent class members." *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) (internal citations and quotation marks omitted); *see also id.* (citing, e.g., *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2011) (stating that "trial judges bear the important responsibility of protecting absent class members, and must be assur[ed]

---

[1] Specifically, three objections were postmarked after the May 15, 2017 objections cut-off and are thus untimely. (ECF Nos. 42, 43, 44 (bearing signatures of June 1 and June 7, 2017).) The other three, (ECF Nos. 27, 28, 32), were never sent to the Settlement Administrator. (Decl. of Abigail Schwartz on Behalf of Rust Consulting, Inc. in Supp. of Mot. for Final Approval ("Schwartz Decl.") ¶ 12, ECF No. 46-5; *see also id.* Ex. A (depicting the Notice sent out to Class Members and outlining the procedures and requirements for objections).)

that the settlement represents adequate compensation for the release of the class claims" (internal quotation marks omitted)); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002) (at the settlement phase, the district judge is "a fiduciary of the class," subject "to the high duty of care that the law requires of fiduciaries"); and *Maywalt v. Parker & Parsley Petrol. Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995) (noting that "the district court has a fiduciary responsibility to ensure that the settlement is fair and not a product of collusion, and that the class members' interests were represented adequately" (internal quotation marks omitted))). Accordingly, as the fiduciary of the Class and in order to protect the interests of absent Class Members, the Court exercises its discretion and nevertheless considers the substance of these objections.[2] While the Court will consider the majority of these objections in a later Order,[3] the Court here addresses two concerns outlined in Nunez's opposition brief that merit additional procedural safeguards at this point, before the Court can hold another Final Fairness Hearing and issue any final ruling on the proposed Settlement. These two issues are (I) whether the Class-wide notice was adequate, and (II) whether the Class had an adequate opportunity to oppose Class Counsel's request for attorney's fees.

I.   **Inadequate Notice**

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v.*

---

[2] This does not include Nunez's sur-reply (ECF No. 53), which the Parties orally moved to strike at the hearing. The Court will consider the propriety of that motion to strike at a later date. Nevertheless, the substance of the sur-reply does not concern the Court's present Order.

[3] This includes the actual objections on file, (ECF Nos. 27, 28, 29, 42, 43, 44), as well as the other arguments raised in Nunez's opposition brief, (ECF No. 48).

*Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

Nunez argues that the Class was not given adequate notice of the entire scope of the waiver—that is, that the period of release described in the waiver section of the Settlement Agreement is greater than that described in the Notice sent out to Class Members. (Final Settlement Mot. Opp'n 13–14.[4]) For instance, the Notice states that if the Court finally approves the Settlement, Class Members would "be releasing the claims and causes of action asserted in the operative Complaint on file in the Class Action <u>between May 27, 2012 and October 13, 2016</u> . . . ." (Schwartz Decl. Ex. A ("Notice") at 9, ECF No. 46-5.) However, Nunez argues that the Settlement Agreement states that Class Members would release all claims "arising during the period from May 27, 2012, <u>to the date on which the Court gives final approval of the Settlement</u>." (Final Settlement Mot. Opp'n 14 (emphasis added); Mem. in Supp. of Joint Mot. for Order Granting Prelim. Approval of Class Settlement, Ex. 1 (Joint Stipulation of Settlement and Release ("Settlement Agreement")) ¶ 57, ECF No. 15-1.)

The Court preliminarily approved of this Notice. But after reassessing this particular provision of the Notice, the Court agrees with Nunez that the Notice fails to reasonably apprise Class Members that their claims would be released up to the date of final approval. The Parties concede that while the Notice addresses the claims coverage period (May 27, 2012 through October 13, 2016), it does not specify the period through which all such asserted claims would be released. ("Final Settlement Mot. Reply" 9, ECF No. 51.) However, they note that this was because, per the Settlement Agreement preliminarily approved by the Court, the release extended through the final approval date, which date remains unknown. (*Id.*) This argument is wholly unpersuasive. Just because the date of

---

[4] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

4

16-CV-2162 JLS (NLS)

final approval remains unknown does not mean that the Class should not have known the potential extent of their release of liability.

The Parties further argue that the Notice gave sufficient notice of the claims coverage period and provided several mechanisms to verify that the release would be extended through the final approval date. For instance, the Release of Liability section of the Notice states that a copy of the Settlement Agreement "can be obtained from Class Counsel," (Notice 9), which, as discussed, contained the language regarding the extension of the release to the date of final approval.[5] (*See also* Settlement Agreement ¶ 4 (defining "Class Members' Release Period" up to and including "the date that the District Court gives final approval of the Settlement")).) While helpful to verify all the material terms of the Settlement, this provision, on its own, does not cure the fact that the Notice failed to inform Class Members of the potential scope of their release of liability. The burden should not be on Class Members to sift through the Settlement Agreement to find all material terms, especially the important ones like the extent of their release of liability.

Additionally, the Parties note that the Notice states that "[b]y participating in the Settlement . . . you expressly acknowledge that upon the Effective Date of the Settlement you hereby fully and finally release . . . all claims for the following categories of allegations: [listing various unpaid wage, meal, and rest claims]." (Final Settlement Mot. Reply 9 (emphasis added by the Parties).) The "Effective Date of the Settlement," according to the Parties, is expressly defined in the Settlement Agreement. (*See* Settlement Agreement ¶ 17.) However, the language in the Notice relating to the "Effective Date" says nothing about the fact that the release extends to the date of final approval; the Notice instead suggests that upon the "Effective Date"—whatever that is—Class Members would release their claims, which, based simply on a reading of the Notice, would be those claims from May 27, 2012 through October 13, 2016. It says nothing about the fact that the release

---

[5] In addition, the Settlement Agreement was in the public record and available on the date the Parties filed for preliminary approval of the Settlement (October 13, 2016). (*See* ECF No. 15-1.)

extends to the date of final approval.

Finally, the Parties note once again that individuals who joined BAE SDSR *after* the October 2016 date are not barred from pursuing claims against BAE SDSR because they are not included in the class coverage period. (Final Settlement Mot. Reply 10.) This is a red herring, however, since Nunez's argument concerns the waiver's effect on the Class Members, not those outside of the Class Period.

To be sure, not every fact missing from the notice sent to potential class members would render the notice inadequate under Rule 23(e)(1). But a notice that fails to inform the class of the full extent of their release of liability is a material omission that renders the notice inadequate. *See, e.g.*, *Shaffer v. Cont'l Cas. Co.*, 362 F. App'x 627, 631 (9th Cir. 2010) ("Notice is not adequate if it misleads potential class members." (citing *Molski v. Gleich*, 318 F.3d 937, 952 (9th Cir. 2003))). Accordingly, the Court finds that the waiver provision of the Notice did not adequately inform Class Members that they would be releasing claims beyond the May 2012 through October 2016 dates to the date of final approval.

Thus, before the Court can rule on the fairness of the Settlement as a whole, the Court will require the Parties to send out a supplemental notice to the Class Members apprising them of the full scope of their release, since "[s]ending a secondary notice form is within the power of the court." *TERRI N. WHITE, et al. Plaintiffs, v. EXPERIAN SOLS., INC., Defendant.*, No. SACV051070DOCMLGX, 2010 WL 11526791, at *2 (C.D. Cal. June 30, 2010), *on reconsideration sub nom. TERRI N. WHITE et. al. v. EXPERIAN INFO. SOLS. INC., & related cases*, No. SACV051070DOCMLGX, 2010 WL 11515655 (C.D. Cal. Dec. 14, 2010) (citing *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 93 (3d Cir. 1985) (explaining that "[b]efore approving any distribution of settlement proceeds to class members," if the district court finds cause for concern in the provision of notice, the court may "order[ ] further notice procedures"))); Fed. R. Civ. P. 23(d)(1)(B)(ii) (noting that the Court may issues orders that give notice to the class members of the proposed extent of the judgment).

As part of this supplemental notice, the Court will provide Class Members another opportunity to opt-out of the proposed Settlement, since the Class Members may not have realized the full extent of their release of liability based on the previous notice. In addition, the Court will provide Class Members another limited opportunity to object to the Settlement Agreement <u>solely on the temporal extent of the release of liability</u>. The Court will not provide another opportunity for Class Members to object to the entirety of the Settlement Agreement, since the Class Members already had an adequate opportunity to do so.[6] And, as discussed above, not one Class Member filed a procedurally adequate objection during that timeframe. The Parties will be required to file a supplemental brief notifying the Court of these opt-outs and addressing these limited objections prior to the Final Approval Hearing.

Given that Class Members will be allowed to either opt-out or object in a limited fashion, the Court also finds that an objection or opt-out period mirroring the original sixty days is excessive and thus unnecessary. Indeed, should the Court grant final approval of the proposed Settlement, such a lengthy period of time would effectively prolong the extent of the Class Members' release of liability, arguably diminishing the value of the Settlement to non-objecting Class Members. Additionally, assuming the Court ultimately grants final approval of the Settlement, an overly lengthy opt-out and objections period would delay the date on which participating Class Members would recover their portion of the Settlement. With these considerations in mind, the Court will set the period for additional opt-outs and limited objections for forty-five days after the date on which the supplemental notice is postmarked.

---

[6] At the hearing, counsel for Nunez and other Objectors noted that new objectors are regularly appearing at their law firm. The Court explained that this was inappropriate and in violation of the objections procedures set by the Court. The Court here reminds Nunez, his counsel, and other Class Members of this point. While the Court exercised its discretion to consider the procedurally deficient objections already before the Court, the Court <u>will not</u> exercise any further discretion to consider general objections to the Settlement during the ensuing renewed notice period. The Court will only consider new opt-outs and the limited opportunities to object the Court outlines in this Order.

Accordingly, within seven days of the date on which this Order is electronically docketed, the Court **ORDERS** the Parties to submit (1) a statement confirming or denying their willingness to bear the costs of re-notifying the Class, and, if the Parties wish to do so, (2) a proposed revised notice incorporating the Court's ruling. The Parties should also submit a proposed schedule and proposed procedures for this supplemental notice, which include a new date for the Final Fairness Hearing. Once the Court receives these documents, the Court will promptly assess the adequacy of the revised notice pursuant to Rule 23(c)(2)(B) and issue a schedule for notification and a new date for the Final Fairness Hearing.

## II. Opposition to Motion for Attorney's Fees

Nunez also argues that Class Counsel failed to timely move for attorney's fees. (Final Settlement Mot. Opp'n 27.) Specifically, Nunez argues that the Ninth Circuit requires class counsel to seek its fees prior to the close of the objection period. (*Id.* (citing *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010)).)

Nunez is right. In *In re Mercury*, the Ninth Circuit held that the "plain text of [Fed. R. Civ. P. 23(h)][7] requires that any class member be allowed an opportunity to object to the fee 'motion' itself, not merely to the preliminary notice that such a motion will be filed.'" *Id.* at 993–94. Thus, the court observed that in that case, "although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired." *Id.* at 994. The court ultimately concluded that the district court "abused its discretion when it

---

[7] Rule 23(h) states, in relevant part:

  (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

  (2) A class member, or a party from whom payment is sought, may object to the motion.

erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion." *Id.* at 993.

At the time of preliminary approval, the Court ordered the final day for objections to fall before Class Counsel moved for its attorney's fees. (Prelim. Settlement Order 18–19, ECF No. 18.) Under *In re Mercury*, this was error. Class Counsel is right that, regardless, not one Objector objected to the attorney's fees provision in the time allotted for objections. (Fee Mot. Reply 5, ECF No. 52.) This is noteworthy because the Notice sent to the Class stated that the Class Settlement Amount would provide for "Class Counsel's reasonable attorneys' fees in an amount not to exceed $725,000 (*if finally approved by the Court*)." (Notice 7 (emphasis in original).) That is the precise amount Class Counsel seek in their Fee Motion. (*See generally* Fee Mot.) And Nunez, along with other Objectors, filed an opposition to the attorney's fees motion two weeks before the scheduled Final Fairness Hearing, which the Court nevertheless chooses to assess despite its procedural deficiencies. (*See generally* Final Settlement Mot. Opp'n.) Under these facts, Class Counsel argue that this scheduling error was harmless. (Fee Mot. Reply 6.)

There is support for Class Counsel's position. Indeed, Class Counsel cite to other circuits which, under facts similar to this case, have upheld the district court's scheduling order. (Fee Mot. Reply 5.) For example, in *Cassese v. Williams*, 503 Fed. App'x 55, 57–58 (2d Cir. 2012) (unpublished), the court found that the notice of class counsel's fee request was reasonable and sufficient to satisfy due process where (1) the notice sent to the class specified the amount of fees class counsel would pursue; (2) the ensuing fee motion "requested fees and costs in the precise amounts specified in the settlement notice"; and (3) objectors had two weeks to object and request further information before attending the final fairness hearing.

The Eighth Circuit recently found error in a similar schedule, but found the error to be harmless. *Keil v. Lopez*, — F. 3d. —, No. 16-3159, 2017 WL 2856629, at *12 (8th Cir. July 5, 2017). Specifically, the court confronted the similar situation where "the notice sent

to class members provided that all objections must be postmarked by April 14, 2016, whereas the deadline for class counsel to file their fee motion was May 12, 2016, and in fact, class counsel did not file their motion until that date." *Id.* The court first found that the reasoning in *Cassese* was inapposite to the present situation, since *Cassese* dealt with the "reasonableness" of the notice under Rule 23(h)(1), not the requirements of the objections procedures outlined in Rule 23(h)(2). *Id.* at *12–13. Thus, the court had "little difficulty in concluding that" *In re Mercury* correctly interpreted Rule 23(h)(2), and found that the district court's scheduling order violated that rule by setting the deadline for objections on a date before the deadline for class counsel to file their fee motion. *Id.* at *13.

However, the court then noted that the error was harmless because there was no reasonable probability that it affected the outcome of the proceeding. *Id.* Specifically, the court found that the objectors "have had ample opportunity on appeal to respond to the specific arguments contained within class counsel's fee motion," and that none of them were meritorious. *Id.* The court also noted that it did not believe "any of their arguments would have persuaded the district court to award a lower fee." *Id.* (citing *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, No. 08-1999, 2010 WL 4386552, at *2 (E.D. Wis. Oct. 28, 2010) (holding that any Rule 23(h) error was harmless because there was no "reasonable probability that the scheduling error resulted in the non-assertion of an objection that would have been successful and would have resulted in class counsel receiving less in fees and costs than [was] ultimately awarded")). Importantly, the court further noted that *In re Mercury* did not "consider[] whether the Rule 23(h) violations at issue were harmless." *Id.*

While certainly helpful to the facts of this case, this Court is bound by the Ninth Circuit, and Class Counsel present no binding authority in this circuit allowing for these considerations, including the possibility that this error was harmless. To be sure, Class Counsel cite *Eisen v. Porsche Cars N. Am., Inc.*, No. 2:11-CV-09405-CAS, 2014 WL 439006, at *10 (C.D. Cal. Jan. 30, 2014), in support of their argument that the Court may grant final approval notwithstanding this scheduling error. And, indeed, the court in that

case held that filing a motion for fees after the deadline for objections had passed did not preclude final approval. *Id.* The court considered several of the considerations present in this case, such as the fact that no objector actually objected to the attorney's fees provision. *Id.* But critical to the court's reasoning was the fact that there, unlike here, the attorney's fees provision did not involve a common fund apportioned between relief and fees. *Id.* Where, as here, the fees sought come out of the common fund, the *Eisen* Court emphasized that courts "'must assume the role of fiduciary for the class plaintiffs.'" *Id.* (citing *In re Mercury*, 618 F.3d at 994).

Thus, as a fiduciary of the Class overseeing the potential award of attorney's fees from a common fund, the Court will allow Class Members another opportunity to timely object to Class Counsel's Fee Motion. *See, e.g.*, *In re Mercury*, 618 F.3d at 994–95 ("As a fiduciary for the class, the district court must act with a jealous regard to the rights of those who are interested in the fund in determining what a proper fee award is. Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests. When the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion, it fails to fulfill its fiduciary responsibilities to the class." (internal citations and quotation marks omitted)). Accordingly, as part of the supplemental notice, Class Counsel **SHALL** reasonably notify Class Members of the existence of their pending Fee Motion and provide reasonable measures for Class Members to obtain a copy of the Fee Motion. Class Members will have an opportunity to object to this Fee Motion during the forty-five-day supplemental notice period.

## CONCLUSION

Given the foregoing, <u>on or before seven days from the date on which this Order is electronically docketed</u> the Parties **SHALL** submit: (1) a statement confirming or denying their willingness to bear the costs of re-notifying the Class, and, if the Parties wish to do so; (2) a proposed supplemental notice incorporating the Court's ruling; and (3) a proposed schedule and procedures for this supplemental notice, which include a new date for the

Final Fairness Hearing. Once the Court receives these documents, the Court will promptly assess the adequacy of the supplemental notice pursuant to Rule 23(c)(2)(B) and issue a schedule for notification and a new date for the Final Fairness Hearing.

**IT IS SO ORDERED.**

Dated: August 2, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge