UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO NUNEZ, individually and on behalf of others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>BAE SYSTEMS SAN DIEGO SHIP REPAIR INC., a California Corporation; and DOES 1 through 50 inclusive,<br><br>           Defendants. | Case No.: 16-CV-2162 JLS (NLS)<br><br>**ORDER (1) ACCEPTING PROPOSED SUPPLEMENTAL NOTICE; (2) DIRECTING SUPPLEMENTAL NOTICE TO THE CLASS; AND (3) SETTING A NEW DATE FOR THE FINAL FAIRNESS HEARING**<br><br>(ECF No. 58) |

   Presently before the Court is Class Counsel's and Defendant BAE Systems San Diego Ship Repair, Inc.'s (collectively, the "Parties") Joint Statement Regarding Supplemental Notice to the Settlement Class, ("Joint Statement"). (ECF No. 58.) The Parties have submitted this Joint Statement in accordance with the Court's August 2, 2017 Order, (ECF No. 57), which required the Parties to submit: (1) a statement confirming or denying their willingness to bear the costs of re-notifying the Class, and, if the Parties wish to do so, (2) a proposed supplemental notice incorporating the Court's ruling; and (3) a

/ / /

/ / /

1

proposed schedule and proposed procedures for the supplemental notice, including a new date for the Final Fairness Hearing. (Joint Statement 2;[1] *see also* ECF No. 57.)

As an initial matter, the Parties "agree to assume the additional cost for the administration of re-notifying the Class Members, to be paid for jointly by Class Counsel and BAE SDSR directly to the Settlement Administrator (Rust Consulting, Inc.) <u>without reducing the Settlement Fund</u>."[2] (Joint Statement 2 (emphasis in original).)

The Parties have attached their supplemental notice as an exhibit to their Joint Statement. (Joint Statement Ex. A ("Suppl. Notice"), ECF No. 58-1.) The Parties (I) jointly submit this supplemental notice for the Court's approval, and (II) jointly propose notification procedures and a renewed date for the Final Fairness Hearing. The Court considers each in turn.

## I. Supplemental Notice

Where there is a class settlement, Federal Rule of Civil Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

In the Court's August 2, 2017 Order, the Court noted two deficiencies in the Parties' previous Class-wide notice. (*See generally* ECF No. 57.) In that Order, the Court instructed the Parties to propose a supplemental notice that: (1) informs the Class Members of the

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

[2] The Parties also note that the supplemental notice will be translated into Spanish. (Joint Statement 2.)

entire scope of their release of liability, (*id.* at 6); and (2) alerts the Class Members to the existence of Class Counsel's Motion for Attorney's Fees so that they can have a proper opportunity to object to the motion before the Final Fairness Hearing, (*id.* at 11).

The Court finds that this supplemental notice satisfactorily incorporates the Court's August 2, 2017 ruling. As to the first issue, the Parties provide the following language:

> 1. **Release Period:**
> By participating in the $2,900,000.00 settlement and receiving your share of the net settlement, as estimated in the original Notice, you will be releasing claims through the date that the District Court gives final approval of the settlement. For a complete statement and the details of the scope of all claims being released, please refer to the Joint Stipulation of Settlement and Release ("Settlement Agreement") on file with the Court.

(Suppl. Notice 1 (emphasis in original).) This adequately apprises the Class Members of the full scope of their release of liability; namely, that acceptance of the Settlement would release their claims through the date on which the Court grants final approval of the Settlement. Thus, the Court finds that this language sufficiently incorporates the Court's August 2, 2017 Order.

As to the second issue, the Parties provide the following language:

> 2. **Attorney's Fees Motion:**
> On July 6, 2017, Class Counsel filed a Motion for Attorney's Fees in this case. The information supplied in the Motion for Attorney's Fees supplements and is consistent with what was indicated in the original Notice that you received. You have the right to review this motion before making a decision as to whether you might elect to opt-out of the settlement or to object to this specific motion.
>
> If you wish to review the Settlement Agreement or the Motion for Attorney's Fees, you may do so in-person at the Courthouse, located at: 221 West Broadway, San Diego, California 92101, online via the "PACER" website, which is accessible at:

https://pacer.login.uscourts.gov/csologin/login.jsf, or by contacting Class Counsel [at a provided address.]

(*Id.*) The Court finds that this language both alerts Class Members to the existence of the Motion for Attorney's Fees, and also provides three reasonable means for obtaining a copy of the motion. More importantly, this language adequately notifies the Class Members that they have an opportunity to object to the motion if they so desire. (*Id.*; *see also id.* at 3 (outlining objection procedures).) Thus, the Court finds that this language sufficiently incorporates the Court's August 2, 2017 ruling.

The supplemental notice also faithfully incorporates the Court's other directives. For instance, the Court noted that the renewed period for opt-outs and limited objections would be forty-five days. (*Compare* ECF No. 57, at 7 (setting a forty-five-day period), *with* Suppl. Notice 3 (noting the same).) Moreover, the Court clarified that, during this forty-five-day period, it will not consider general objections to the Settlement because the Class has already had an adequate opportunity to so object. (ECF No. 57, at 7; *id.* n.6.) Nevertheless, the Court noted that it will consider objections limited to: (1) the temporal extent of the release of liability, and (2) Class Counsel's Motion for Attorney's Fees. (*Id.* at 7, 11.) The Parties' supplemental notice sufficiently apprises Class Members of these opportunities. (Suppl. Notice 2; *id.* at 3 (noting that Class Members "may only object to the settlement at this stage if your objection is because: (1) you will be releasing claims through the date that the District Court gives final approval of the settlement, and/or (2) you object to the Motion for Attorney's Fees filed by class counsel" (emphasis in original)).) Accordingly, the Court finds that this supplemental notice is sufficient under Rule 23(e)(1) and adequately incorporates the Court's August 2, 2017 Order.

## II. Notification Procedures and Final Fairness Hearing Date

Now that the Court has approved the Parties' supplemental notice, the Parties propose the following notification procedures:

a) within five (5) days of the Supplemental Notice being approved by the Court, that Rust will mail out the Supplemental Notice to all Settlement Class Members, using the updated addresses for all Settlement Class Members based on a NCOA search related to the initial mailing.

b) the Settlement Class Members will have forty-five (45) days from the date of mailing of the Supplemental Notice to send in/file any Objections or Opt-Out submissions as provided in the Supplemental Notice, which shall determine the postmark deadline for identifying valid, timely Objections and Opt-Outs.

c) on October 12, 2017, or as soon thereafter as is convenient for the Court, a Final Fairness Hearing shall take place before the Honorable Janis L. Sammartino in Courtroom 4D of the United States District Court for the Southern District of California.

d) at least seven (7) calendar days prior to the Final Fairness Hearing, the Parties shall file a Supplemental Brief to notify the Court of any Opt-Outs and to address the Objections filed, if any. This Supplemental Brief will also include a declaration from Rust regarding the status of any Objections and/or Opt-Outs received in response to the Supplemental Notice.

e) to the extent that there are any Objections that have not been filed with the Court, Rust will include such Objections with its declaration.

(Joint Statement 2–3.)

The Court finds that these procedures are generally adequate, subject to the following amendments. First, the proposed Final Fairness Hearing of October 12, 2017 is not available. Accordingly, the Court **SETS** the renewed date for the Final Fairness Hearing on Tuesday, November 7, 2017, at 1:30 p.m. Second, the Court will need additional time, beyond the proposed seven days, to review any supplemental brief filed by the Parties. Accordingly, the Parties **SHALL FILE** their supplemental brief <u>on or before fourteen days from the date of the Final Fairness Hearing</u>. With these amendments the Court finds that these proposed procedures are adequate under Rule 23. Accordingly, the Parties **SHALL** proceed under these procedures, consistent with the Court's amendments, and revise their supplemental notice to include the relevant provisions.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' requests in their Joint Statement (ECF No. 58). Accordingly, the Court **DIRECTS** the Parties to provide this supplemental notice to the Class Members consistent with the Court's Order. The Court also **SETS** the Final Fairness Hearing date on Tuesday, November 7, 2017, at 1:30 p.m. The Court **ORDERS** the following schedule for further proceedings:

| Event | Date |
| --- | --- |
| Settlement Administrator to Send Supplemental Notice to Class Members | Within 5 days of the date on which this Order is electronically docketed |
| Last Day for Class Members to File Request for Exclusion from Settlement | No later than 45 days from the date of mailing the Notice |
| Last Day for Class Members to File <u>Limited</u> Objections to the Settlement/Motion for Attorney's Fees | No later than 45 days from the date of mailing the Notice |
| Last Day for Class Members to File Notice of Intention to Appear at Final Fairness Hearing | No later than 45 days from the date of mailing the Notice |
| Parties to File Supplemental Brief | No later than 14 days before the Final Fairness Hearing |
| Final Fairness Hearing | November 7, 2017 at 1:30 p.m. |

**IT IS SO ORDERED.**

Dated: August 10, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge